ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| ████████████████████████ | ) ASBCA No. 62777 |
| | ) |
| Under Contract No. W56KJD-13-P-0079 | ) |

APPEARANCE FOR THE APPELLANT:     ████████████████
                                                                       CEO and President

APPEARANCES FOR THE GOVERNMENT:   Scott N. Flesch, Esq.
                                                                         Army Chief Trial Attorney
                                                                       LTC Abraham Young, JA
                                                                         Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MCNULTY

The Army has moved to dismiss, contending we lack jurisdiction to consider the appeal because appellant has failed to submit a properly certified claim. We grant the motion.*

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On November 2, 2012, the General Support Contract Center, Camp Phoenix, Afghanistan entered into a firm-fixed-price contract with appellant under Contract No. W56KJD-13-P-0079 (Contract), for delivery of gravel to FOB Warrior in Afghanistan (R4, tab 1).

2. As discussed in more detail by our previous decision involving appellant, on August 2, 2016, appellant submitted an uncertified claim on the Contract to the contracting officer (CO). The CO denied the claim on October 3, 2016. *See * * *,* 18-1 BCA ¶ 37,182 at 180,957-58. The appeal was dismissed without prejudice because the claim was in an amount greater than $100,000 and was not certified. *Id.* at 180,959. The dismissal permitted appellant to re-submit a properly certified claim (*id.*).

---

* This is not the first time we have addressed our jurisdiction to consider an appeal by this appellant involving what may be the same claim. *See * * *,* ASBCA No. 60841, 18-1 BCA ¶ 37,182. Familiarity with the facts of that decision are presumed and not repeated here. Pursuant to appellant's previous request we have redacted appellant's name and that of its CEO for reasons of personal security.

3. On October 21, 2020 appellant sent two emails to the Board (R4, tab 7 at 45-46). In one email, appellant stated: "Attached our Certified Claim with all proof and Contracting officer decision letter. thank you very much" [syntax, grammar, and spelling in original] (*id.* at 46). In the other, appellant stated:

> we send our Certified claim over 3 times in the past few years, your office keep saying our claim was not signed, they may not received of our claim, our contract award signe and claim certificate signe is same.
>
> would you please advise me, what is the problem? Our claim still not make decision on it.
>
> I need your help to advise me, what kind of exactly signe your office need from us??
>
> I belive our files is good to go.
>
> The KO decision is attached and certified claim as well.
>
> please let me know soon. thank you [syntax, grammar, and spelling in original]

(*Id.* at 45)

4. The Board's General Counsel responded to appellant's emails and stated:

> The Board has received your two emails dated October 21, 2020, but the intent of your communications is unclear. I understand your emails to indicate that you may still be *attempting to submit a claim to the contracting officer.* Since more than three years have elapsed since you were provided the contracting officer's contact information, by copy of this email, Army counsel is requested to provide appellant the contact information for the current cognizant contracting officer.
>
> If my understanding of your emails is incorrect, and you have already submitted a claim to the contracting officer identified by the Army in its April 6, 2017 email and wish to appeal to the Board from the contracting officer's denial or failure to issue a decision on your claim, please clearly state that you intend your October 21 emails to be a Notice of Appeal to the

2

Board and *identify when you submitted your claim to the contracting officer and whether the contracting officer ever acted on it.*

(*Id.* at 44-45) (emphasis added)

5. By email on November 3, 2020, the contracting officer advised appellant:

> I reviewed your claim back in 2016. Although you did not submit a "signed" claim, I still reviewed and provided a Contracting Officer's Decision. That decision will not change with a "signed" certified claim. *However, if you chose* [sic] *to submit a "signed" certified claim you can send it to me as the cognizant contracting officer.*

(*Id.* at 44) (emphasis added)

6. On January 5, 2021, appellant emailed the Board stating:

> Attached the contracting officer decision, we are not agree with the contracting officer decision. I want to send you this contracting officer decision and I need your ASBCA fair judgement on this file. We need the USA Government to pay our amount. thank you very much.
>
> [Syntax, grammar, and spelling in original] (Bd. corr. ltr. dtd. January 8, 2021) Attached to the email was the contracting officer's final decision from October 2016, which appellant had appealed previously in ASBCA No. 60841.

(*Id.*)

7. In response to appellant's January 5, 2021 email, the Board docketed this appeal on January 11, 2021.

8. On February 10, 2021 the government filed a Rule 4 file comprising seven tabs, none of which include a claim (Bd. corr. dtd. February 10, 2021).

<u>DECISION</u>

The Board's jurisdiction under the Contract Disputes Act, 41 U.S.C. §7103(a) requires the submission of a written claim and a final decision by the contracting officer denying, or a deemed denial, of that claim. *Parsons Evergreene, L.L.C.*, ASBCA

3

No. 57794, 12-2 BCA ¶ 35,092 at 172,346 (citations omitted).  Here appellant has failed to submit a claim.  This appeal was initiated more than three years after the dismissal, without prejudice, of a claim exceeding $100,000, which appellant had not certified by failing to sign the certification.  With respect to this appeal appellant first contacted the Board by email in October 2020.  The Board was confused by appellant's emails and advised appellant to submit its claim to the contracting officer if it wished to proceed.  The record before us indicates the contracting officer in November also advised appellant to submit a claim if it wished to proceed.  There is nothing in the record to establish that appellant ever submitted a claim to the contracting officer other than the claim it originally submitted in 2016, which was the subject of ASBCA No. 60841.  In January of 2021, appellant contacted the Board by email indicating it wished to appeal the contracting officer's final decision.  Attached to that email was the contracting officer's decision from 2016, denying the claim that had been the subject of ASBCA No. 60841.  The Board docketed this appeal.  The government then moved to dismiss, arguing that we lack jurisdiction "because there is no cognizable claim before the Board" (gov't mot. at 6).  In response to the government's argument, appellant has only submitted, for a second time in this appeal, a copy of the contracting officer's decision dated October 3, 2016.  It has made no other effort to address the government's argument and has pointed to no claim it has submitted to the contracting officer since ASBCA No. 68041 was dismissed.

Appellant, as a *pro se* foreign national, whose representative appears to have limited English abilities, is entitled to some leeway with regard to administrative matters and meeting pleading requirements.  However, the leeway we are able to provide and have provided, does not extend to exempting appellant from meeting jurisdictional requirements.  *Elizabeth Constr. Co.*, ASBCA No. 60723, 17-1 BCA ¶ 36,839 at 179,519 (citing *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995)).  Our previous decision in ASBCA No. 60841 acts as collateral estoppel to the issues we there decided.  *See, e.g., Montana v. United States*, 440 U.S. 147, 153 (1979) ("once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits . . . involving a party to the prior litigation") (citations omitted).  Thus, we continue to hold that the 2016 claim was invalid.  Although the dismissal was without prejudice, appellant is required to start anew by resubmitting a claim to a contracting officer for a decision and if that claim exceeds $100,000 in amount, the claim must be certified.  It does not matter that the contracting officer has already indicated that the claim will be denied again if resubmitted.  For those unfamiliar with legal practice and procedure this requirement may seem overly formal and unnecessary in the circumstances, but the law requires compliance and without it we have no jurisdiction to consider the claim, nor is it something we can waive.

Moreover, even if appellant were able to avoid the consequences of the disposition of his prior appeal to the Board, the present appeal was submitted in 2021, almost five years after the CO's final decision upon which appellant is basing our jurisdiction.

By statute, an appeal must be brought to the Board within 90 days of the contractor's being notified of the CO's final decision. *See* 41 U.S.C. 7104(a); *Godwin Corp.*, ASBCA No. 61410, 18-1 BCA ¶ 37,073 at 180,449 (citing *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982)). Thus, even if the 2016 claim were valid, we would be compelled to dismiss this appeal.

### CONCLUSION

There being no evidence of any claim having been submitted to a contracting officer for decision, we lack jurisdiction to entertain appellant's appeal. The appeal is dismissed.

Dated: March 30, 2022

CHRISTOPHER M. MCNULTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62777, Appeal of █████ ████████████████ , rendered in conformance with the Board's Charter.

Dated: March 30, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals